1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
9                                      AT SEATTLE

10    GEORGE E. ENGSTROM, et al.,              CASE NO. C15-0462JLR

11                 Plaintiffs,                 ORDER REMANDING CASE TO
                                               STATE COURT
12           v.

13    MICROSOFT CORPORATION,

14                 Defendant.

15          Before the court are the parties' responses to the court's April 7, 2015, order to

16   show cause.  (Plf. Resp. (Dkt. # 13); Def. Resp. (Dkt. # 12).)  The court previously

17   ordered Defendant to show cause why the case should not be remanded to King County

18   Superior Court for lack of subject matter jurisdiction.  (4/7/15 OSC (Dkt. # 11).)   The

19   court noted that although Defendant sought to invoke the court's federal question subject

20   matter jurisdiction under 28 U.S.C. § 1331, Plaintiffs raised only state law claims.  (*Id.* at

21   2.)   The court further found that Defendant's notice of removal did not establish the four

22   elements necessary to provide federal jurisdiction over those claims, namely, that

"a federal issue is:  (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."  (*See id.* at 2 (citing *Gunn v. Minton*, --- U.S. ---, 133 S. Ct. 1059, 1065 (2013); *Grable & Sons Metal Prods. Co. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005)).)  The court stated that it would remand the action unless Defendant showed that the court had subject matter jurisdiction.  (*Id.* at 3.)

In its response to the order to show cause, Defendant now states that it does not oppose remand to state court.  (*See* Def. Resp.)  Defendant puts forth no argument in favor of subject matter jurisdiction.  (*See id.*)  Accordingly, for the reasons set forth in its April 7, 2015, order to show cause, the court remands the case to state court for lack of subject matter jurisdiction.  *See United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004); 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")

The court ORDERS that:

1.  Pursuant to 28 U.S.C. §§ 1447(c) and 1447(d), all further proceedings in this case are REMANDED to the Superior Court for King County in the state of Washington,

2.  The Clerk of the Court shall send copies of this order to all counsel of record for all parties,

//

//

ORDER- 2

3. Pursuant to 28 U.S.C. § 1447(c), the Clerk of the Court shall mail a certified copy of the order of remand to the Clerk of the Court for the Superior Court for King County, Washington,

4. The Clerk of the Court shall also transmit the record herein to the Clerk of the Court for the Superior Court for King County, Washington,

5. The parties shall file nothing further in this matter, and instead are instructed to seek any further relief to which they believe they are entitled from the courts of the state of Washington, as may be appropriate in due course, and

6. The Clerk of the Court shall CLOSE this case.

Dated this 21st day of April, 2015.


JAMES L. ROBART
United States District Judge

ORDER- 3